## *Tate vs. Parrish.*

Error to the Clarke Circuit; GEO. SHANNON, Judge.

*Springs. Water courses. Prescriptions. Abatement of nuisances. Assize of nuisance. Action on the case. Evidence. Damages.*

Judge OWSLEY delivered the Opinion of the Court.

TATE and Parrish were possessed of adjoining tracts of land, the division line between them passing within a short distance from the house of Tate.

Upon the land of Parrish, and not more than one hundred and fifty yards from Tate's house, there is a spring, the water of which flows directly into the land of Tate. This spring, Tate and those under

CASE.

Case 66.

June 11.

Case stated.

<div style="margin-left:0">

**Tate**
**vs.**
**Parrish.**

</div>

whom he held his land, had been accustomed uninterruptedly, for twenty years, to use.

From a *point more* remote than the spring from Tate's house, a dead hog was dragged about two hundred yards, in the heat of summer, by Parrish, and thrown into the spring. This was done by Parrish, whilst Tate was from home, and Tate's wife, without his knowledge, or any authority from him, attempted to remove the hog from the spring, and thereby abate the nuisance; but it was so offensive that she could not do it.

Tate and his family were not only greatly annoyed by the stench of the hog, but the water of the spring was corrupted, and by its connexion with Tate's water, in the branch below, made it unfit for use.

<div style="margin-left:0">

Verdict, and judgment for defendant.

</div>

To recover for this injury, Tate brought his action on the case in the circuit *court; but on the tri*al, after several decisions of that court, he was defeated, and judgment rendered against him.

On the trial, Tate introduced a witness, and was about to prove that he, and those under whom he claims, had, for twenty years before the hog was put into the spring, used the water of the spring; but the making such proof was opposed by Parrish, and *not allowed by the court.*

<div style="margin-left:0">

Instructions of the court.

</div>

After the evidence was all through, the court, on the motion of Parrish, instructed the jury, that if they believed from the evidence, that the plaintiff's wife removed the hog from the spring, or attempted to abate the nuisance, they *ought* to find for the defendant, whether such a removal, *or attempt to re*move, was by the order of the plaintiff or not, for as to that, she ought to be considered as the servant of the plaintiff; but that if she attempted to remove it and could *not do* so, then they ought to find for the plaintiff.

Whether, in excluding the evidence offered by Tate, and in instructing the jury on the motion of Parrish, the court below was *correct,* are the only points presented for the determination of this court.

We think the evidence ought not to have been excluded. To be admissible, it is not necessary that the evidence should be decided to be conclusive as to Tate's right to use the water of the spring. If it conduced in any degree to prove that he was entitled to the use of the spring, or if it was calculated to aggravate the injury occasioned him by the act of Parrish in throwing the hog into the spring, the evidence was undoubtedly pertinent to the point in contest, and should have been allowed to go to the jury; and twenty years uninterrupted use of the water was, we apprehend, not only in some degree calculated to prove title in Tate to the use of the water, but was moreover well calculated to aggravate the offence done by Parrish, in throwing the hog into the spring. The motive by which Parrish was actuated in doing the act complained of, is doubtless a legitimate subject for the consideration of a jury, in assessing damages; and what could be better calculated to display that motive than evidence of Tate's uninterrupted use of the water of the spring for twenty years before the act done?

The instructions are liable to several objections. In the first place, they are in some respects so inconsistent and contradictory in their different parts, that it was impossible for the jury distinctly to comprehend the principle of law which was intended to be decided by the court. In one part of the instructions, the jury were informed, that if they believed from the evidence, that Tate's wife attempted to abate the nuisance, they ought to find for Parrish, and in another part, they were told that they ought to find for Tate, if his wife attempted to remove the nuisance but could not do so.

But in other respects the instructions are erroneous, in points easily to have been understood by the jury. In cases of private nuisance, the injured party may either abate the nuisance, or resort to his action by suit in court for redress, and after making his election, and having abated or removed the nuisance, it is said he is entitled to no action: 3 Bl. Com. 219. But this general observation of Black-

TATE
vs.
PARRISH.

In an action against my neighbour, for polluting the water of a spring rising in his land and running through mine, evidence that I and those under whom I claim have used the spring for twenty years, is competent both to prove my right to the use of the spring, and to aggravate the damages for the injury to the water flowing into my ground.

Contradictions in instructions, is error.

If I abate a private nuisance, I cannot afterwards maintain an assize of nuisance.

TATE
vs.
PARRISH

stone, though undoubtedly true as respects an as-size of nuisance, must, we apprehend, be subject to some qualification.   After having, by his own act, abated or removed the nuisance, it would be absurd to suppose that the injured party could maintain an assize of nuisance, the judgment in which, if for the plaintiff, should be for an abatement of the nuisance.

Otherwise of case; I may maintain this action for the damages sustained.

But the object of the plaintiff is not the same in an action on the case; nor would it be competent, in such an action, for the court to render judgment in favor of the plaintiff, for the nuisance to be abated. There is not, therefore, the same reason for precluding the injured party from maintaining an action on the case for a nuisance, after the nuisance is removed by him, as exists for not allowing an assize of nuisance; and hence it is said, that if the nuisance be removed, the plaintiff is entitled to his damages, which accrued before, and though it is laid with a *continuendo,* for a longer time than the plaintiff can prove, he shall have damages for what he can prove before the nuisance was removed.   2 Mod. 253; Jacob's L. Dic. title, Nuisance, 3.

Whether or not the court was correct in treating the act of Tate's wife, in her attempt to remove the nuisance, as the act of Tate, cannot, therefore, be material; for if in that the court was right, it was most clearly erroneous, to instruct the jury that they ought to find against him, if from the evidence they should believe that the nuisance had been abated or removed by his wife; because, if removed, he has still a right to maintain his action on the case, for the damages which accrued before the removal.

The judgment must be reversed, with cost, the cause remanded to the court below, for further proceedings to be there had, not inconsistent with this opinion.

*Hanson* for plaintiff.